UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**JAMES PHILLIP MITCHELL**                                                                    **PLAINTIFF**

v.                                                                    **CIVIL ACTION NO. 3:16CV-211-TBR**

**COMMENWEALTH DISTRICT'S ATTORNEY
OFFICE OF UNITED STATES OF AMERICA** *et al.*                         **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff James Phillip Mitchell filed this *pro se* action.  He also filed an application to proceed without the prepayment of fees (DN 3), which is **GRANTED**.  This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  Upon initial screening of the complaint, the instant action will be dismissed for the reasons that follow.

**I.**

Plaintiff filed the complaint on the Court's general complaint form naming the following as Defendants:  "Commenwealth District's Attorney Office of United States of America"; Tim Finchen, whom Plaintiff identifies as the "Commissioner of P.G.A."; Adam Silverman, whom Plaintiff identifies as "Commissioner of the N.B.A."; Roger Goodell, whom Plaintiff identifies as "Commissioner of the NFL"; Wayne Gretzky, whom Plaintiff identifies as "Commissioner of the N.H.L."; "Adofe Hitler"; and "Commenwealth."

In the portion of the complaint form asking Plaintiff to list the specific federal statutes or constitutional provisions that are at issue in this case, Plaintiff states, "Hostile take-over., plagerizm illeagly docter[ed]., 88:,04 17;.3:18-17.(a)[.]"  Where the complaint form asks

Plaintiff to state the amount in controversy, Plaintiff states, "Illeagal obtain P.O.W's and infomation . . . ;[.]" (Ellipses by Plaintiff.)

As his statement of the claim, Plaintiff states, "The plaintiff 1WWLAO0445 – searched and rescued fail[ed] Holocusted "victims",. which turn – was maded by the {suspects} who clamed to - be 'victims'., yet they were only the German Infultry . . . !" (Ellipses and brackets by Plaintiff.)  In the relief section of the complaint, Plaintiff states that he is seeking: "90 UBM.M. of machienery., 90 billion years of stock!  The mutiltude of mal-theicents are still all of the Wal-Mart Supercenters., Kroger., tobacoo shop., conversion 'Bodaga'., resturants & food pantries – aswell, hosptials,. sheltrs,. school national broadcast systems the whol Louisvill K.Y."

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action.  28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09.  Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  "Examples of the former class are claims against which it is clear that the defendants are immune from suit . . . and claims of infringement of a legal interest which clearly does not exist[.]"  *Id.*  "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar."  *Id.* at 328; *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (indicating that an action has

no arguable factual basis when the allegations are delusional or "rise to the level of the irrational or the wholly incredible"). The Court need not accept as true factual allegations that are "'fantastic or delusional'" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Here, Plaintiff's allegations contain no legal theories upon which a valid federal claim may rest and are delusional and fantastic. Therefore, the Court will dismiss the action on the basis of frivolousness. *See Abner v. SBC (Ameritech)*, 86 F. App'x 958, 958-59 (6th Cir. 2004).

In addition, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The complaint meets this standard, as well.

For the foregoing reasons, the instant action will be dismissed by separate Order.

Date:

cc:     Plaintiff, *pro se*
4413.010

3